[Civ. No. 6748. First Appellate District, Division One.—April 12, 1929.]

MARY AWBREY, Respondent, v. J. N. DeROSE, Appellant.

Owen D. Richardson and Donald B. Richardson for Appellant.

John W. Sullivan for Respondent.

TYLER, P. J.—Action to recover secret profits made by a real estate agent in the sale or exchange of certain prop-

erties. The complaint is in three counts. The first pleads in substance that plaintiff was the owner of a ranch in Santa Clara County and defendant agreed to act for her as agent in the sale or exchange of the same, and to obtain the best possible price therefor. It is then alleged that while defendant was so employed he entered into a secret arrangement with one Thomas to exchange plaintiff's property for property owned by Thomas, and in order to carry out the transaction he procured plaintiff to deed to him her ranch for a certain sum and thereafter made the exchange from which he derived secret profits in the sum of three thousand four hundred dollars. The second count is for money had and received, and the third for an alleged conversion of such sum. Trial was had by jury and a verdict was rendered in favor of plaintiff in the sum of two thousand dollars. ■ As grounds for a reversal appellant claims that the verdict was rendered in an irregular manner and the evidence is insufficient to justify the conclusion that he was the agent of respondent in the exchange of the properties. The prayer of the complaint was for money damages, and one of the forms of verdict handed to the jury required a verdict in dollars and cents. Instead of following this form the jury, after inserting therein an award of damages in favor of plaintiff for the sum of four hundred dollars, also found in her favor for an assignment of a certain deed of trust involved in the exchange on the theory that such security had been received by appellant while acting as respondent's agent. After reaching this conclusion the jury came into court and, in response to the court's inquiry as to whether it had reached a verdict, the foreman stated that it had. The verdict was passed to the clerk, who read it. Thereupon the court expressed the opinion that it was not in harmony with the pleadings or the form of verdict given to the jury. Defendant moved that the verdict be received and recorded. The court refused the motion and sent the jury back with instructions to pass upon the issues as submitted to it. Thereafter the jury returned its verdict in favor of plaintiff for the amount hereinabove stated. It is appellant's contention that the first verdict rendered was complete, as it awarded to respondent damages in the sum of four hundred dollars; that the balance of the verdict was surplusage and the court had no power to

send the jury out again. Section 619 of the Code of Civil Procedure provides that when a verdict is announced, if it is informal or insufficient, in not covering the issue submitted, it may be corrected by the jury under the advice of the court, or the jury may be again sent out. Under this section it is the duty of the court to remand the jury to render a verdict in proper form and in conformity with the issues submitted. (*Garlick* v. *Bower,* 62 Cal. 65.) Here manifestly the verdict first agreed upon was both insufficient and informal, and inasmuch as it had not been recorded the court was warranted in declining to receive it and in permitting the jury to make the amendment. (*Redo y Cia* v. *First Nat. Bank,* 200 Cal. 161 [252 Pac. 587].) ██ Nor is there any merit in the contention that the evidence is insufficient to justify the conclusion that appellant was the agent of respondent. The record contains abundant evidence upon the subject.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 11, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 10, 1929.

All the Justices present concurred.